## CHARLES MINOT *vs.* LEONARD SAWYER.

In a suit to foreclose a mortgage, the mortgagor is entitled to the benefit of the statute pen. alty for usury in reduction of the sum for which conditional judgment is entered. No deduction, however, is to be made for usury paid under a verbal agreement, which is not incorporated into the written contract.

If, in a suit to foreclose a mortgage, a deduction is made, in entering conditional judgment, from the sum payable by the terms of the contract, on account of usury, the defendant is entitled to recover his full costs.

WRIT OF ENTRY prosecuted by the executor of the will of Stephen Minot, to foreclose a mortgage. The defendant was defaulted in the superior court, and moved that conditional judgment should be entered.

It was agreed that the mortgage was executed on the 17th of February 1852, to secure a note for $600, of that date, signed oy the defendant and payable in one year with interest. On that day the defendant borrowed $600 of Stephen Minot, and orally agreed to pay him twelve per cent. interest thereon for the first year, and nine per cent. per annum thereafter. Immediately after receiving the money, he paid back thirty-six dollars, said Stephen having required so much to be paid in advance. After-wards he paid various sums for interest at the rate of nine per cent. per annum. It was agreed that upon these facts, so far as the same would be competent to be proved in evidence, the court should render judgment according to law, and also determine the question of costs; and conditional judgment was ac-cordingly entered for the plaintiff for $643.50, and judgment for the defendant for his costs. The plaintiff appealed to this court.

*C. P. Judd*, for the plaintiff.

*S. B. Ives, Jr.*, for the defendant.

DEWEY, J. The conditional judgment in an action to fore-close a mortgage fixes the amount of the indebtedness secured thereby, and hence this action opens any proper matter of de-fence to the validity of the note in whole or in part. *Vinton* v. *King*, 4 Allen, 564. *Burke* v. *Miller*, 4 Gray, 114. The defence

of usury, and the right to have a deduction of three times the amount of the unlawful interest reserved or taken, is not confined to an action of contract upon the note, but is equally applicable to the case of a bill by the mortgagor to redeem, or an action by the mortgagee to foreclose the mortgage. *Hart* v. *Goldsmith*, 1 Allen, 145.

The facts in the present case clearly establish a usurious contract. The maker of the note did not receive $600, but only the sum of $564. There was, therefore, directly secured by the original contract, now sought to be enforced, the sum of thirty-six dollars for unlawful interest. The interest upon that sum must be computed down to the day when the judgment was entered, from which the appeal was taken to this court, (the judgment of the court taking the place of a verdict of the jury,) and threefold the amount of thirty-six dollars, and of the interest on the same, as above stated, will be the amount to be deducted from the note, as the forfeiture on account of usurious interest.

But subsequent payments of unlawful interest, in pursuance of any verbal contract to pay the same, are not subject to be deducted from the note. For such payments, the remedy is in another form, either by an action of contract or by a suit in equity. *Drury* v. *Morse*, 3 Allen, 445. *Butterfield* v. *Kidder*, 8 Pick. 512.

The further question is, as to the proper order as to costs, in a case like the present. It is said, on the part of the plaintiff, that this is in the nature of a real action, and not an action upon the promissory note, and that the plaintiff, having maintained his action, is the prevailing party, and, under the general provisions of law, is entitled to his costs.

But the court are of opinion that, as the right to maintain an action to foreclose a mortgage does directly involve the question of the indebtedness of the defendant to the plaintiff, and as to sustain his claim to a conditional judgment the plaintiff must establish such indebtedness, where such debt or liability is tainted with usury, the course of proceedings and the rule as to costs must be the same as if the party had brought his action directly

on the contract. As already remarked, this judgment is conclusive as to the amount legally due on the note. The defendant is compelled to raise the question of usurious interest in this suit, or be estopped from claiming the deduction hereafter. Now the statute having provided that, whenever in an action brought upon such contract it appears that a greater rate of interest than is allowed by law has been reserved, taken or received, the defendant shall recover his full costs, we think that this provision applies to an action where a usurious contract is sought to be enforced by an action to foreclose the mortgage given to secure the contract, as well as where the action is brought directly upon the contract. Indeed, the fact of allowing the deduction of the forfeiture for taking usurious interest in an action to foreclose the mortgage seems necessarily to assume that such suit is really an action brought on the contract itself. The order as to costs will be, therefore, that the defendant is to recover his full costs.